UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00109-GNS-HBB

JAMIE ARTERBURN                                                                                    PLAINTIFF

v.

WAL-MART STORES, INC., ET AL.                                                          DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon Plaintiff's Motion to Reconsider (DN 38). Defendants' Motions to Dismiss (DN 37, 47), and Defendants' Motion for Leave to File Sur-Reply to Plaintiff's Motion to Reconsider (DN 50). The motions are ripe for adjudication. For the reasons stated below, Plaintiff's motion is **GRANTED**, while the remaining motions are **DENIED A**S **MOOT**.

### I.     BACKGROUND

This case arises out of Plaintiff Jamie Arterburn's ("Arterburn") employment with and subsequent terminations from Defendants Sam's East, Inc. and Wal-Mart Stores, Inc. Arterburn originally filed her case in Warren Circuit Court, but Defendants removed it to this Court on the basis of diversity of citizenship. (Defs.' Notice of Removal, DN 1). Arterburn subsequently asked the Court to remand her case on the ground that it lacked subject matter jurisdiction because both she and Defendant David Hall ("Hall") are Kentucky citizens. (Pl.'s Mot. Remand 4, DN 21). The Court denied her request after concluding that Hall had been fraudulently joined. (Mem. Op. & Order 3-4, DN 31). In that same opinion, the Court also granted Defendants'

1

motion to dismiss certain claims asserted by Arterburn. (Mem. Op. & Order 11). Now, Arterburn asks the Court to reconsider.

## II.  STANDARD OF REVIEW

District courts have authority under common law and Federal Rule of Civil Procedure 54(b) "to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citation omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citations omitted) (stating that "every order short of a final decree is subject to reopening at the discretion of the district judge."). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change in controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citation omitted). A motion to reconsider under Rule 54(b), however, is not "a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration [is] sought." *Owensboro Grain Co., LLC v. AUI Contracting, LLC*, No. 4:08CV-94-JHM, 2009 U.S. Dist. LEXIS 18025, at *6 (W.D. Ky. Mar. 10, 2009) (internal quotation marks omitted) (citations omitted). Ultimately, "[t]he moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Reed v. Gulf Coast Enters.*, No. 3:15-CV-00295-JHM, 2016 U.S. Dist. LEXIS 95183, at *7 (W.D. Ky. July 21, 2016) (internal quotation marks omitted) (citation omitted).

## III.  DISCUSSION

A brief review of the substantive law is warranted before addressing the present motion. Removal of an action from state court to federal court is proper when the plaintiff could have

brought the action in federal court originally. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."). Unlike state trial courts, federal district courts are courts of limited jurisdiction; they hold only that power authorized by the U.S. Constitution and statute. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (citation omitted). Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The statute "has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000) (citations omitted). Moreover, "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (internal quotation marks omitted) (citation omitted).

The Sixth Circuit has held that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.* (citing *Alexander*, 13 F.3d at 949). Therefore, "the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (internal quotation marks omitted) (citation omitted). In determining whether a non-diverse defendant has been fraudulently joined, "all disputed questions of fact and

3

ambiguities in the controlling state law [should be resolved] in favor of the nonremoving party." *Id.* (alteration in original) (internal quotation marks omitted) (citations omitted).

The removing party bears the burden of establishing fraudulent joinder, which has been described as "a heavy one." *Id.*; *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 889 F. Supp. 2d 931, 937 (E.D. Ky. 2012) (internal quotation marks omitted) (citation omitted). Moreover, as courts within the Sixth Circuit have recognized, "the benefit of the doubt given a plaintiff as part of the fraudulent joinder inquiry should be more deferential than even that given under Rule 12(b)(6) . . . ." *Fugate v. Babcock & Wilcox Conversion Servs., LLC*, No. 5:14-CV-00172-TBR, 2015 U.S. Dist. LEXIS 50600, at *4-5 (W.D. Ky. Apr. 17, 2015) (internal quotation marks omitted) (citation omitted). "A decision overruling a motion for remand where the defendant is claiming fraudulent joinder connotes that a plaintiff's claim, as to the non-diverse defendant, has no basis in law or reason." *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 846-47 (S.D. Ohio 2002).

Arterburn has asserted only one claim against Hall, a retaliation claim under KRS 344.280. KRS 344.280(1), which applies to individuals, makes it unlawful "[t]o retaliate or discriminate in any manner against a person . . . because he has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding, or hearing under the chapter . . . ." *Fugate*, 2015 U.S. Dist. LEXIS 50600, at *12. "A *prima facie* case of retaliation requires a plaintiff to demonstrate "(1) that plaintiff engaged in an activity protected by [the KCRA]; (2) that the exercise of [her] civil rights was known by the defendant; (3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action."

4

*Brooks v. Lexington-Fayette Urban Cty. Hous. Auth.*, 132 S.W.3d 790, 803 (Ky. 2004) (citation omitted).

In its opinion denying Arterburn's motion to remand, the Court concluded that Hall had been fraudulently joined because "there [was] no reasonable basis for a claim for retaliation against Hall." (Mem. Op. & Order 4). Specifically, the Court noted that "[s]ince Plaintiff [made] no allegation Hall *knew* that she had engaged in a protected activity, she cannot establish the causal connection needed to establish a prima facie case for retaliation." (Mem. Op. & Order 4). In her motion to reconsider, Arterburn maintains that the Court committed a clear error of law in denying her motion to remand because it applied an incorrect standard when analyzing whether Hall was fraudulently joined.

The Court agrees, as the standard it applied was too exacting. The cornerstone of the Court's analysis was a statement of law from *Reed v. Gulf Coast Enterprises*, which provided, "[i]f a plaintiff fails to allege facts to support each element of a prima facie claim for retaliation against the non-diverse defendant, a finding of fraudulent joinder may be warranted." *Reed v. Gulf Coast Enters.*, No. 3:15-cv-00295-JHM, 2016 U.S. Dist. LEXIS 955, at *7-8 (W.D. Ky. Jan. 6, 2016) (citing *Mills v. Woodford Nat'l Bank*, No. 3:14-CV-00639-TBR, 2015 U.S. Dist. LEXIS 30222, at *9 (W.D. Ky. Mar. 11, 2015)). As Arterburn correctly notes, "the prima facie case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement." *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002)). "[I]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case . . . ." *Id.* (citing *Swierkiewicz*, 534 U.S. at 511). Therefore, it was incorrect for the Court to rely solely on Arterburn's failure to specifically allege that Hall had knowledge of Plaintiff's protected activity as the basis for its decision.

5

*Fugate* v. *Babcock & Wilcox Conversion Services* and *Sisson v. Charter Communications, LLC*, No. 3:16-CV-49-TBR, 2016 U.S. Dist. LEXIS 100190 (W.D. Ky. Aug. 1, 2016), two recent decisions rendered by Senior Judge Russell involving fraudulent joinder and retaliation claims under KRS 344.280, further convince the Court that the prior motion was improvidently denied for failure to plead the prima facie requirements of a retaliation claim. In *Fugate*, the defendants argued that certain non-diverse defendants were fraudulently joined because the plaintiff did not allege that they had knowledge she engaged in a protected activity. *Fugate*, 2015 U.S. Dist. LEXIS 50600, at *12-13. Similarly, in *Sisson*, the defendants argued that the non-diverse defendant was fraudulently joined because the plaintiff did not allege knowledge of the protected activity and because she could not establish that there was a causal connection between any adverse employment action and her complaints against the non-diverse defendant. *Sisson*, 2016 U.S. Dist. LEXIS 100190, at *9. The court, however, found no fraudulent joinder in either case because the defendants had "fair notice" of the retaliation claims against them. *Fugate*, 2015 U.S. Dist. LEXIS 50600, at *14; *Sisson*, 2016 U.S. Dist. LEXIS 100190, at *10.

As indicated by those decisions and others, in its previous opinion the Court should have focused on whether Arterburn could have established a retaliation claim against Hall under Kentucky's liberal pleading standards. *See Fugate*, 2015 U.S. Dist. LEXIS 50600, at *13-14; *see also Sisson*, 2016 U.S. Dist. LEXIS 100190, at *9-11; *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 889 F. Supp. 2d at 940-41 (collecting cases and noting that "Sixth Circuit precedent and common sense dictate the use of state pleading rules to determine whether [the defendant was] fraudulently joined."). Importantly, unlike federal courts, Kentucky courts still operate under a notice pleading regime under which "a complaint will not be dismissed for

failure to state a claim unless it appears to a certainty that the plaintiff will not be entitled to relief under any state of facts which could be proved in support of his claim." *Fugate*, 2015 U.S. Dist. LEXIS 50600, at *13 (internal quotation marks omitted) (quoting *Pierson v. Trapp Co. v. Peak*, 340 S.W.2d 456, 460 (Ky. 1960)). "The complaint need not state either conclusions or facts *so long as it provides fair notice*." *Id.* (emphasis added) (citing *Pierson*, 340 S.W.2d at 460). Moreover, Kentucky law provides that the "Rules of Civil Procedure with respect to stating a cause of action should be liberally construed" and that "much leniency should be shown in construing whether a complaint states a cause of action." *Smith v. Isaacs*, 777 S.W.2d 912, 915 (Ky. 1989) (internal quotation marks omitted) (citation omitted).

Having concluded that it applied an incorrect standard in analyzing Defendants' claim of fraudulent joinder, the Court must now determine whether application of the correct standard leads to a different result. Upon further review of the Amended Complaint, which is by no means a model of clarity, the Court finds that Arterburn has alleged: (1) that she lodged numerous complaints, including a written complaint, about Hall's pervasive sexual harassment; (2) that Defendant Wal-Mart, through its agents, was aware that she was engaging in a protected activity; (3) that Wal-Mart's agents, including Hall, took numerous adverse employment actions against her including terminating her twice; and (4) that her second termination, and the other acts of retaliation she suffered, at least in part, resulted from her complaints about Hall's sexual harassment.[1] (Am. Compl. ¶¶ 330-34, DN 17). Because the Amended Complaint alleges that Hall was involved in the second termination and that the second termination resulted from her complaints against Hall, she appears to have asserted a retaliation claim against Hall. The Court

---

[1] It is unclear whether Arterburn contends that her first termination, second termination, or both resulted from her complaints about Hall. In the Amended Complaint, she references her second termination, but in her motion to reconsider, she references her first termination. (*Compare* Am. Compl. ¶ 333, *with* Pl.'s Mot. Reconsider 11, DN 38-1).

concludes that Arterburn's allegations provide Hall with fair notice of the retaliation claim against him, which is all that Kentucky law requires.[2] Therefore, resolving all doubts in favor of remand, Hall was not fraudulently joined.

Because Arterburn and Hall are both citizens of Kentucky, the Court lacks subject matter jurisdiction and must remand this case to Warren Circuit Court. (Am. Compl. ¶ 7; Defs.' Resp. Pl.'s Mot. Remand 1, DN 26). Likewise, the Court must vacate its prior order granting Defendants' motion to dismiss, as it had no power to make such a ruling. *See* U.S. Const. art. III, § 2; *see also Eastman*, 438 F.3d at 549 (6th Cir. 2006) (citations omitted); *Ford v. Hamilton Inv., Inc.*, 29 F.3d 255, 260 (6th Cir. 1994) (vacating and remanding with instructions to dismiss order issued without subject matter jurisdiction). The Court does not take this decision lightly, but views it necessary to avoid the manifest injustice that would result if the case were to proceed to final judgment in this Court only to be overturned for want of subject matter jurisdiction.[3]

### IV. CONCLUSION

For the reasons stated, Plaintiff's Motion to Reconsider (DN 38) is **GRANTED**, and the Court's previous order denying Plaintiff's Motion to Remand and granting Defendants' Motion to Dismiss (DN 31) is **VACATED**. Defendants' Motion for Leave to File Sur-Reply to Plaintiff's Motion to Reconsider (DN 50) and Defendants' Motions to Dismiss (DN 37, 47) are

---

[2] It is of no moment that Arterburn failed to specifically allege that Hall knew she filed a complaint against him. Even if such an allegation were required, construing the Amended Complaint liberally, Arterburn's allegations imply Hall had knowledge of her complaint. (Am Compl. ¶¶ 330-34).

[3] Defendants' motion for leave to file a sur-reply is moot. In their proposed sur-reply, Defendants argue that a declaration from a former Sam's Club employee, which Arterburn submitted with her reply, is inadmissible and, in any event, provides no support. Because the Court did not rely on this declaration in deciding to reconsider its previous ruling, there is no need for Defendants' sur-reply.

**DENIED AS MOOT**.  Because complete diversity is lacking, this case is **REMANDED** to the Warren Circuit Court, and it shall be **STRICKEN** from the Court's active docket.

**Greg N. Stivers, Judge**
**United States District Court**
February 2, 2017

cc: counsel of record
Warren Circuit Court Clerk (Civil Action No. 15-CI-939)

9